**UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABDIRAHAM AHMED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  08 CV 6909 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS et al., | ) | JUDGE KENNELLY |
| | ) | |
| | ) | MAGISTRATE JUDGE BROWN |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMARY JUDGMENT**

Now comes the Plaintiff, Abdiraham Ahmed, by and through his undersigned attorney, and for his Memorandum in Opposition to Defendants' Motion for Summary Judgment, states as follows:

**INTRODUCTION**

Plaintiff was arrested by the Defendant Chicago Police Officers and charged with possession of a controlled substance and spent almost two years in custody.  At his trial, the trial court judge granted Plaintiff's motion for directed verdict at the close of the State's case.  And what evidence did Defendants have to support their prosecution of Plaintiff?  None.  Defendant O'Shea, the driving force behind the prosecution of Plaintiff, admits that he never saw Plaintiff commit a crime and that Plaintiff never confessed to a crime.  At best for Defendants, there is a genuine issue of material fact on each of the elements of Plaintiff's malicious prosecution claim.

Accordingly, Plaintiff respectfully requests that Defendants' motion be denied in its entirety and that his claim be tried on the merits.

## FACTUAL BACKGROUND

*See* Plaintiff's Local Rule 56.1(b) Response and Statement of Additional Facts filed concurrently herewith.

## STANDARD OF REVIEW

The Defendants are entitled to summary judgment only if there is no genuine issue regarding any material fact. *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1103-04 (7th Cir. 2008). "In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party." *Id.* To overcome a motion for summary judgment, the non-moving party need only offer enough evidence such that a "jury could reasonably find for the nonmoving party." *Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008). As demonstrated below result, Plaintiff has offered more than sufficient evidence from which a jury could reasonably find in his favor, and therefore summary judgment should be denied.

## ARGUMENT

### A. Plaintiff Has Alleged A Legitimate Malicious Prosecution Claim.

Defendants first argue that Plaintiff's malicious prosecution is time-barred because it is merely a disguised false arrest and unlawful search claim, relying on *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). *Reed* is inapposite, however, because Plaintiff's claim is not disguising anything. In *Reed*, the plaintiff alleged Section 1983 claims against the defendant police officers who arrested him. However, his Section 1983 claims were time barred, so he also asserted a state law malicious prosecution claim based on the same facts as his Section 1983

2

claims. However, the plaintiff did not claim that the defendants did anything unlawful other than falsely arrest him.

Plaintiff's action is far from a disguised Section 1983 case as it contains specific allegations far beyond that of a garden-variety false arrest case. The facts establish that Defendants knowingly made a false arrest report against Plaintiff, swore out a false criminal complaint against him, and gave false testimony at the grand jury, pretrial proceedings, and trial. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 14-17). In other words, this is not a disguised Section 1983 case; it is a full-blown malicious prosecution case that alleges serious pre-trial misconduct against defendants.[1] Thus, the allegations in this case constitute far more than just a false arrest case, and Plaintiff's claim therefore is not time barred.[2]

### B. Plaintiff Has Established All Of The Elements Of A Malicious Prosecution Claim.

Defendants contend that Plaintiff cannot establish four of the five elements of a malicious prosecution claim: (1) lack of probable cause; (2) malice; (3) the commencement or continuance of criminal proceedings; and (4) a termination of the proceedings in a manner indicative of Plaintiff's innocence. As will be shown below, a jury could reasonably find in Plaintiff's favor on each of these elements, which requires that Defendants' motion be denied.

---

[1] Defendants' reliance on *Briscoe v. LaHue*, 460 U.S. 325 (1983) is therefore misplaced. Although *Briscoe* does extend immunity to public officials for trial testimony, as Plaintiff's claims of misconduct against Defendants involve far more than their trial testimony, *Briscoe* is thus irrelevant. Furthermore, U. S. Supreme Court precedent subsequent *Briscoe* has rejected the rule of absolute immunity for public officials for trial testimony when they are acting as complaining witnesses. Such witnesses are not entitled to absolute immunity. *See, e.g.*, *Malley v. Briggs*, 475 U.S. 335 (police officer who was complaining witness not entitled to absolute immunity).

[2] Plaintiff's case was dismissed on a directed verdict on January 16, 2008 (*See* Exhibit E to Defendants' Rule 56.1 Statement, at pp. 142-143), and he filed this action on December 3, 2008. (*See* ECF Docket Entry No. 1). Accordingly, the case was filed within the one-year limitation period governing public employees under 745 ILCS 10/8-101, and Plaintiff's claim is therefore timely.

First, Defendants contend, citing *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill. 2d 267, 685 N.E.2d 1347 (1997), that malicious prosecution actions are disfavored under Illinois law. Whether or not malicious prosecution may be a *disfavored* cause of action, it is still a *well-recognized* one. Indeed, in an Illinois Supreme Court case on the issue of malicious prosecution, *Swick v. Liautaud*, 169 Ill. 2d 504, 662 N.E.2d 1238 (1996), the Court notes that there is an important policy consideration behind the cause of action for malicious prosecution: "[T]he individual's right to be free from unreasonable criminal prosecutions. . . ." *Id.* at 513, 662 N.E.2d at 1243. Even in *Cult Awareness,* the Illinois Supreme Court stated that the "elements of malicious prosecution are well-established." *Cult Awareness,* 177 Ill. 2d at 272, 685 N.E.2d at 1350. These two Supreme Court cases make it quite clear that the malicious prosecution cause of action is alive and well in Illinois, despite Defendants' suggestion to the contrary.

As a second initial matter, Defendants suggest that the claim of malicious prosecution against police officers is somehow invalid because it is the prosecutor who decides to prosecute criminal actions, not police officers. However defendants have cited no cases precluding malicious prosecution claims against police officers. In fact, the case law expressly permits malicious prosecution claims against police officers. *See, e.g.*, *Neal v. City of Harvey*, 1 F. Supp. 2d 849, 858 (N.D. Ill. 1998) (denying defendant police officer's motion for summary judgment on plaintiff's state law malicious prosecution claim where plaintiff claimed defendant police officer initiated criminal prosecution against him by planting drugs on his person); *Aguirre v. City of Chicago*, 382 Ill. App. 3d 89, 887 N.E.2d 656 (1st Dist. 2008) (affirming jury verdict in malicious prosecution case brought against Chicago police officers).

Accordingly, despite Defendants' arguments to the contrary, the claim of malicious prosecution is well-recognized under Illinois law and may be brought against police officers.

4

### 1. Defendants did not have probable cause to prosecute Plaintiff.

Defendants argue that Plaintiff cannot demonstrate the absence of probable cause. In order to establish that Defendants' lacked probable cause to institute criminal proceedings against him, Plaintiff need only raise a genuine issue of material fact that Defendants did not "entertain an honest and strong suspicion that [Plaintiff] was guilty." *Friedes v. Sani-Mode Mfg. Co.*, 33 Ill. 2d 291, 295-96, 211 N.E.2d 286, 288-89 (1965).

Defendants then go on to argue that they had a basis for prosecuting Plaintiff, but taking the facts in the light most favorable to Plaintiff, the defendants could not possibly have entertained a strong and honest suspicion that Plaintiff was guilty because defendants never witnessed anything even remotely approaching the commission of a crime by Plaintiff. First of all, it is undisputed that Plaintiff never confessed to any criminal activity. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 12, 21). Furthermore, as Defendant O'Shea admitted in his deposition, nothing in the sequence of events that caused him to arrest and initiate charges against Plaintiff even remotely suggest that Plaintiff had committed a crime. First, O'Shea conceded that Plaintiff never held the package that contained the khat. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 17, 34). Furthermore, O'Shea admits that when he arrested Plaintiff, Plaintiff had not said anything indicating that he knew there was khat in the package. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶ 20). In fact, O'Shea admits that at the moment of Plaintiff's arrest, *he had not seen Plaintiff commit a crime, nor had Plaintiff made an inculpatory statement.* (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 20-21).

Nothing happened after the arrest that could possibly have given Defendants' probable cause to prosecute Plaintiff. When O'Shea interviewed Plaintiff in custody later that day, Plaintiff: (1) did not tell O'Shea that he knew Hassan was picking up khat; (2) did not tell

5

O'Shea that any of the khat belonged to him; (3) did not tell O'Shea that he was supposed to get any of the khat; (4) did not admit to being a lookout or a bodyguard; and (5) denied he was involved in the importation of khat. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 22-26). In fact, O'Shea concedes that he never found any contraband on Plaintiff's person. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶ 27). Nevertheless, despite this total lack of evidence against Plaintiff, O'Shea and his fellow officers initiated and continued criminal proceedings against Plaintiff (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 16-17), which caused him to be incarcerated for almost two years until the Cook County Circuit judge threw out his case.

  Although defendants try to spin the facts in their favor, the facts are clear: Defendants never saw Plaintiff commit a crime and Plaintiff never confessed to a crime. In short, the only thing Plaintiff was "guilty" of is being in the presence of someone who allegedly committed a crime—in other words, being at the wrong place at the wrong time. Under well-established U.S. Supreme Court precedent, mere proximity to a wrongdoer is insufficient to establish probable cause. "A person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seizure another or to search the premises where the person may happen to be." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).

  Accordingly, as Defendants did not have probable cause to search or arrest Plaintiff, and Plaintiff did nothing after his arrest that gave Defendants cause to prosecute him, Defendants

6

simply had no probable cause whatsoever to initiate and continue criminal proceedings against Plaintiff.

The cases Defendants cite on the probable cause issue do not support their argument. Defendants cite *Cervantes v. Jones*, 188 F.3d 805, 811 n.7 (7th Cir. 1999) for the proposition that because a grand jury indicted Plaintiff, a presumption of probable cause arises which Plaintiff must then rebut. Defendants, however, ignore the fact that *Cervantes* actually *rejects* this presumption where, as here, the plaintiff claims the indictment was based on perjured grand jury testimony by O'Shea (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶15): "A grand jury indictment is usually *prima facie* evidence of probable cause. But in construing the facts in the light most favorable to [plaintiff], his allegation that the indictment was the product of [defendant's] perjury precludes us from considering the indictment in our probable cause analysis. A contrary rule could allow an indictment procured by lies to protect a witness from liability for his perjury." *Id.* (citations omitted).

Defendants' reliance on *Pringle v. Maryland*, 540 U.S. 366 (2003) is also misplaced. In that case, the Supreme Court held that where three men were stopped in a car where contraband was discovered, there was probable cause to arrest all the passengers in the car. The court reasoned that because the defendants were all found together in the precise location where the contraband was discovered, and the contraband was thus within reach of all the defendants in the enclosed space of the car, the police officers had probable cause to arrest all of the defendants.

The instant case, however, is not a *Pringle* situation. Plaintiff was not in an enclosed space in the proximity of the guilty defendant at the time of his arrest, from which he had ready access to the contraband for which he was charged. In fact, quite the opposite; when Hassan

7

picked up the package containing the khat, Plaintiff was nowhere near Hassan, and the khat was not within Plaintiff's reach. Thus, *Pringle* does not apply.

Indeed, the best evidence that Defendants did not have probable to prosecute Plaintiff is the fact that they chose not to prosecute Mr. Ali, the driver of the vehicle. As explained by Plaintiff, Defendant O'Shea was angry that Plaintiff resisted O'Shea's attempt to grab Plaintiff before Plaintiff knew O'Shea was a police officer, so O'Shea decided to initiate criminal proceedings against Plaintiff, but the Defendants blithely let Mr. Ali go and refused to charge him with a crime. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 13, 18, 29). Plaintiff was required to pay dearly for his innocent conduct and O'Shea's unfounded and malicious decision to prosecute him.

In short, viewing the facts in the light most favorable to the Plaintiff, there is an issue of fact on the lack of probable cause element.

### 2. Plaintiff can establish that defendants acted with malice

As argued immediately above, the clear motivation for Plaintiff's prosecution is the fact that he struggled with Defendant O'Shea before O'Shea identified himself as a police officer. As Mr. Ali did not fight with O'Shea, O'Shea simply let him leave the scene without charging him, even though, under the law, Plaintiff and Ali would have been equally guilty for the crime (had they in fact been guilty). But O'Shea took a very different approach to Plaintiff—an approach that cost Plaintiff almost two years of his life. On these facts, Plaintiff has raised a genuine issue of material fact on the issue of malice.

Malice "is defined as the actuation of a prosecution for an improper motive." *Mack v. First Sec. Bank of Chicago*, 158 Ill. App. 3d 497, 501, 511 N.E.2d 714, 717 (1st Dist. 1987). In fact, "[a]n improper motive for a prosecution is any reason other than to bring the party to

8

justice." *Id.* Indeed, the case law is clear that in certain circumstances, malice can be inferred from the surrounding circumstances. "Malice may be inferred from the absence of probable cause when the circumstances are inconsistent with good faith and where the lack of probable cause has been clearly proved." *Id.*

Based on this legal standard, this court may infer that defendants acted with malice. First, as demonstrated above, Plaintiff has shown that Defendants lacked probable cause to prosecute him. Furthermore, the circumstances here are clearly inconsistent with good faith by defendants. Having not seen a crime committed by Plaintiff and having not heard him confess to a crime, they nevertheless were instrumental in prosecuting him, based more on a grudge by O'Shea than any legally relevant facts. Accordingly, there is sufficient evidence of both bad faith and lack of probable cause to deny summary judgment. *See, e.g., Mack*, 158 Ill. App. 3d at 503, 511 n.E.2d at 718 (because question of prosecutor's "good faith is a factual determination, often made from circumstantial evidence, it is . . . properly reserved to the sound discretion of the trier of fact"). Indeed, this echoes the oft-express sentiment in the Seventh Circuit that "[w]e are particularly leery of resolving issues involving a state of mind on summary judgment." *Ashman v. Barrows*, 438 F.3d 781, 784 (7th Cir. 2006). *See also Stumph v. Thomas & Skinner, Inc.,* 770 F.2d 93, 97 (7th Cir. 1985) ("'Summary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles'") (*quoting Pfizer, Inc. v. Int'l Rectifier Corp.*, 538 F.2d 180, 185 (8th Cir. 1976)).

Although Defendants deny that they had any improper motive for prosecuting Plaintiff, he has raised a genuine issue of material fact such that a jury could reasonable find in his favor on this element as well.

### 3. Defendants commenced judicial proceedings against Plaintiff.

Defendants next argue that Plaintiff's malicious prosecution claim fails because he cannot show that Defendants commenced or continued the criminal proceedings against him. However, it is beyond dispute that the defendants instituted and continued the criminal proceedings against Plaintiff not only by falsely arresting him, but also by making out a false police report against him and swearing out a false criminal complaint against him, which documents clearly formed the basis of the ultimate criminal complaint against Plaintiff. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 14-18). *Indeed, Defendant O'Shea admits that he was the individual responsible for instituting the criminal case against Plaintiff and that he did not seek approval from his supervisor before going ahead with the criminal charges against Plaintiff.* (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶ 18).[3] O'Shea then continued the criminal proceedings against Plaintiff by offering false testimony against Plaintiff at the grand jury hearing, Plaintiff's motion to suppress, and the trial. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 14-15).

Furthermore, Defendant Martinez clearly played a role in instituting the criminal proceedings against Plaintiff. He swore out the false police report against Plaintiff. The report states in the narrative section that "the above subject [Plaintiff] was arrested after he and Arrestee Hassan, Bashir picked up a FedEx Express Mail Parcel . . . ." (*See* Exhibit H to Defendants' 56.1 Statement, at p. 2 of 5). This is obviously a direct lie, as the defendants have all admitted that Plaintiff never signed for the package, never touched the package, and never even entered the FedEx facility. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶¶ 32-

---

[3] Indeed, O'Shea admitted in his deposition that within his unit, generally Felony Review is not contacted before criminal charges are placed, and that he has the authority to place felony charges against an individual without having it signed off by a State's Attorney. In fact, O'Shea admitted that he had no knowledge that any State's attorney approved the charges against Plaintiff. (*See* Plaintiff's Statement of Additional Facts at ¶ 19).

10

34). Furthermore, Martinez's false police report was the basis of the prosecution of Plaintiff, as Defendant Flynn admits that he approved probable cause against Plaintiff "based on the information contained in the narrative portion of the arrest report." (See Exhibit O to Defendants' 56.1 Statement, at ¶ 5).

Defendant Bator also played a role in instituting criminal proceedings against Plaintiff. As Defendant O'Shea was in the store when Plaintiff engaged in the allegedly unlawful activity of standing outside of a car smoking, Bator conducted surveillance and made his (false) observations that Plaintiff walked towards the store, stood outside the store, acted as a lookout, opened the door for Hassan, walked together with Hassan with the package, and then later claimed that the package contained vegetables. (See Exhibit C to Defendants' 56.1 Statement, at ¶¶ 5, 6, 7, 8, 9, 11, 14). These false statements were clearly used by Defendant O'Shea in deciding to prosecute Plaintiff.

When viewed in the light most favorable to Plaintiff, these facts establish that Defendants commenced and continued the criminal proceedings against Plaintiff, and Defendants' case law is therefore irrelevant. *Vodak v. City of Chicago*, 624 F. Supp. 2d 933, 964 (N.D. Ill. 2009) stands for the unremarkable proposition that to be liable for malicious prosecution, a defendant "must have played a significant role in the prosecution." In fact, the court goes on to note that this rule is intended to prevent an individual who unwittingly gives false information to the prosecutor against liability for malicious prosecution. *Id.* As demonstrated above, Defendants Martinez, O'Shea, and Bator can hardly be considered unwitting in this case. There is, at best for Defendants, an issue of fact as to whether they lied in the various statements, reports and testimony that lead to Plaintiff's prosecution. These Defendants are thus not protected by *Vodak*. *Vodak* is also inapposite because the court found that the defendants were not liable because they

11

did nothing beyond falsely arresting plaintiff. This is simply not the case here. *McCall-Bey v. Kirner*, 233 F. Supp. 2d 1009 (N.D. Ill. 2002) is also irrelevant because there was no evidence in the record whatsoever of malice or any other improper motive by defendants that actuated the prosecution. The remainder of Defendants' cases on this issue are equally irrelevant. *Smith v. Augustine*, No. 07 C 81, 2009 WL 481639 (N.D. Ill. Feb. 25, 2009) (distinguishable because in *Smith* no evidence of malice by police officers); *Holland v. City of Chicago*, No. 05 C 3255, 2009 WL 3672501 (N.D. Ill. Nov. 2, 2009) (noting that "[i]n order to prove malicious prosecution against arresting officers, a plaintiff must demonstrate that the officers committed some improper act after they arrested him without probable cause"; distinguishable because Plaintiff's allegations here indicate improper post-arrest acts by Defendants). Indeed, as Plaintiff contends that O'Shea gave perjured testimony to the grand jury, which led to Plaintiff's indictment, *Holland* actually supports Plaintiff's position.

In short, Defendants O'Shea, Martinez and Bator went far beyond simply arresting Plaintiff. They were instrumental in his prosecution. On these facts, Plaintiff can easily establish that Defendants' instituted and continued criminal proceedings against him. *See, e.g.*, *Jones v. City of Chicago,* 856 F.2d 985, 994 (7th Cir.1988) ("If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him.")

> **4. Plaintiff has established the favorable termination of the criminal proceedings against him.**

Incredibly, although Plaintiff's motion for directed verdict was granted and his criminal case was "directed out" after a hearing on the merits of the false charges against him, Defendants contend that Plaintiff cannot establish the favorable termination requirement. Defendants have

12

not cited a single case which supports their argument, and the one case they rely on, *Cult Awareness Network v. Church of Scientology International*, 177 Ill. 2d 267, 685 N.E.2d 1347 (1997), supports Plaintiff's position. *Cult Awareness* makes it clear that in order to establish the favorable termination requirement, the "plaintiff must establish that the former action was terminated in his or her favor." *Cult Awareness*, 685 N.E.2d at 1350. Indeed, *Cult Awareness* cites the Restatement of Torts with favor for the proposition that "[c]ivil proceedings may be terminated in favor of the person against whom they are brought . . . by (1) the favorable adjudication of the claim by a competent tribunal . . . ." *Cult Awareness*, 685 N.E.2d at 1352 (*citing Restatement (Second) of Torts* § 674, Comment j (1977)). There can be no question that a direct verdict is a favorable adjudication.

In sum, when viewed in the light most favorable to Plaintiff, there is a genuine issue of material fact on the four elements of malicious prosecution at issue in this case, which requires that Defendants' motion be denied.

### C. Defendants Are Not Immune

In Section III of their brief, Defendants argue that they are immune from liability under the Local Government and Governmental Employee Tort Immunity Act because their conduct was not willful and wanton under 745 ILCS 10/2-202, and because they did not act maliciously and without probable cause under 745 ILCS 10/2-208.

However, this argument is simply a rehash of Defendants' arguments with respect to the probable cause and malicious elements of the malicious prosecution cause of action. Because, as demonstrated above, there is a genuine issue of material fact as to whether defendants' acted with malice and without probable cause, Defendants are not immune under 745 ILCS 10/2-208. And with respect to the issue of the willful and wanton defense under 745 ILCS 10/2-202, the

facts establish that Defendants O'Shea and Martinez knowingly made false statements in order to initiate and continue the prosecution against Plaintiff. In other words, they lied. The other defendants clearly were aware of the fact that there was no basis to prosecute Plaintiff and yet they acquiesced in the false arrest and the institution of criminal proceedings against him.

On these facts, there is a genuine issue of material fact as to whether defendants are entitled to immunity under the Tort Immunity Act. As noted by the court in *Chelios v. Heavener*, 520 F.3d 678 (7th Cir. 2008), "although willful and wanton conduct 'consists of more than mere inadvertence, incompetence, or unskillfulness,' it need not be an 'intentional act; rather, it may be an act committed under circumstances exhibiting a reckless disregard for the safety of others.'" *Id.* at 693 (*quoting Carter v. Chicago Police Officers*, 165 F.3d 1071 (7th Cir. 1988)). Surely, as a result of O'Shea's admission that he initiated the prosecution against Plaintiff without seeing a crime committed by Plaintiff and without an admission by Plaintiff of a crime, and his co-defendants all willingly going along for the ride, O'Shea and his fellow arresting officers were at a minimum reckless with respect to Plaintiff's innocence. In light of this strong evidence of recklessness on behalf of defendants, summary judgment is inappropriate. *See, e.g.*, *Chelios*, 520 F.3d at 693 (issue of willful and wanton conduct "'is normally a question of fact to be determined by the jury'") (*quoting Stamat v. Merry,* 78 Ill. App. 3d 445, 397 N.E.2d 141, 145 (1st Dist. 1979)); *Kumar v. Chicago Housing Authority,* 862 F. Supp. 213, 217 (N.D. Ill. 1994) (finding issue of fact precluding summary judgment in malicious prosecution case on the issue of defendants' tort immunity).

### D. Defendants Martinez and Bator Are Liable

Defendants' next argument is that even if O'Shea is held liable, Defendants Martinez, Bator and Flynn cannot be held liable. This argument ignores the factual record. As to

Martinez, it is undisputed that he was the attesting officer to Ahmed's arrest report—the very same report that led to the prosecution of Plaintiff. (*See* Plaintiff's 56.1 Statement of Additional Facts, at ¶ 16). This clearly connects defendant Martinez to the prosecution, and renders summary judgment inappropriate as to him.

With respect to Defendant Bator, he was clearly involved in the arrest and he was aware that there was no basis whatsoever to institute criminal proceedings against Plaintiff, yet he acquiesced in the conduct that led to Plaintiff's arrest and prosecution. On these facts, he too acted maliciously and without probable cause as to Plaintiff, and should be required to stand trial as well.

### E. The City Is Liable To The Extent The Defendant Officers Are Liable

Defendants' final argument is that Defendant City cannot be held liable if the defendant officers are not held liable. *Williams v. Rodriguez*, 509 F.3d 392, 405 (7th Cir. 2007). Here, as demonstrated above, there is clearly an issue of fact as to Defendants' O'Shea, Bator and Martinez's liability for malicious prosecution, Thus, should this Court deny summary judgment as to any of the defendants, then it must deny summary judgment as to the Defendant City.

### CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Honorable Court deny Defendants'' motion in its entirety.

Respectfully submitted,

/s/ Jeffrey B. Granich

Law Offices of Jeffrey B. Granich
53 W. Jackson, Suite 804
Chicago, IL 60604
312.939.9009
Atty No. 06207030

## **CERTIFICATE OF SERVICE**

I certify that I have caused true and correct copies of **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be served on the persons listed below pursuant to this Court's ECF System on this 3rd day of March, 2010.


**Anne K. Preston**
Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, IL 60602
(312) 742-4045

**Mary McDonald**
Assistant Corporation Counsel
30 N. LaSalle Street
Suite 900
Chicago, IL 60602
(312) 744-8307


/s/  Jeffrey B. Granich