# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABDIRAHAM AHMED, | ) |
|           Plaintiff, | ) |
| vs. | ) Case No. 08 C 6909 |
| CITY OF CHICAGO, DENNIS O'SHEA, CARL BATOR, STEVEN MARTINEZ, and CHARLES FLYNN, | ) |
|           Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On April 4, 2006, several Chicago police officers arrested Abdiraham Ahmed for possession of a controlled substance. A grand jury later indicted him for possession fo a controlled substance with intent to deliver. A Cook County judge acquitted Ahmed following a trial.

Ahmed has sued the arresting officers and the City of Chicago for the state law tort of malicious prosecution. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The defendants have moved for summary judgment.

The defendants raise a number of issues in their motion, but the Court only needs to address one of them: probable cause. The parties agree that to sustain his claim, Ahmed must prove that probable cause was lacking. See Defs.' Mem. at 4; Pl.'s Mem. at 5; see Johnson v. Saville, 575 F.3d 656, 659 (7th Cir. 2009). Probable cause is defined as "a state of facts that would lead a person of ordinary caution and

prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged." *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 72, 791 N.E.2d 1206, 1219 (2003) (internal quotation marks and citations omitted).

On a motion for summary judgment, the Court takes the facts in the light most favorable to the non-moving party (in this case, Ahmed) and draws reasonable inferences in his favor. *See, e.g., Scruggs v. Garst Seed Co.*, 587 F.3d 832, 838 (7th Cir. 2009). The Court takes the following statement of facts from the facts to which the parties have agreed and, where the parties are dispute, from Ahmed's version. The Court focuses on the facts pertinent to the issue of probable cause.

On April 4, 2006, defendant Dennis O'Shea, who was assigned to the Chicago Police Department's narcotics unit, received a call from a police sergeant who directed him to go to a United Parcel Service (UPS) store on West Polk Street in Chicago because a UPS representative there had reported a suspicious package. O'Shea went there with his partners and looked at the package, a large box that had arrived from London, United Kingdom. The package appeared to be leaking fluid, and it had an earthy smell. O'Shea believed that the package contained "khat." "Khat is a plant from which the leaves are harvested, which are chewed or brewed into tea to produce a stimulant effect on the central nervous system." *United States v. Adeyeye*, 359 F.3d 457, 459 n.1 (7th Cir. 2004). Khat contains a controlled substance called cathinone.

While O'Shea was in the store, three men, Bashire Hassan, Ahmed, and a third person, arrived at the store in a red Ford Mustang. The third man was the driver. Two of O'Shea's partners, Steven Martinez and Carl Bator, were conducting surveillance

2

from outside the store and saw the men arrive.  O'Shea saw both Hassan and Ahmed get out of the car.  The driver stayed in the car.  Ahmed contends that he exited the car, stood there, and smoked a cigarette but did not enter the UPS store.

Hassan entered the UPS store, walked up to the counter and showed identification.  The UPS clerk gave him the package that O'Shea had examined.  Hassan left the store.  As Hassan neared the car, O'Shea approached the men and grabbed Ahmed.  O'Shea asked Hassan what was in the box, and Hassan replied that it contained vegetables for salad.  Hassan opened the package.  O'Shea observed plant material inside the package that, based on his experience, he believed to be khat.  Hassan insisted that the package only contained vegetables.

O'Shea arrested both Hassan and Ahmed, handcuffed them, and read them their rights.  He did not arrest the third man, who was the driver of the car.  Another officer searched the car and found no other contraband.  The car's driver told Bator that it was a rental car from Ohio.

The next day, a Cook County judge made a finding of probable cause to detain Ahmed.  Later in April, a grand jury indicted him for possession of a controlled substance with intent to deliver and controlled substance trafficking.  When the case went to trial, a Cook County judge found Ahmed not guilty after the conclusion of the prosecution's case.

Ahmed argues that O'Shea and the other arresting officers arrested him on nothing more than guilt by association and that they lacked probable cause to arrest him.  The Court disagrees.  No reasonable jury could find that probable cause was lacking.  Ahmed came to a UPS store in a car along with a man who picked up a

package that a reasonable officer would have believed contained a distribution quantity of a controlled substance. Ahmed got out of the car and stood outside while his companion entered the store to retrieve the package. The man then returned toward the car with the package. Because Ahmed had arrived at the scene along with the other man in the same car, a reasonable officer would have believed that Ahmed intended to leave along with the other man, in a car that would be transporting a controlled substance.

Taking the facts in the light most favorable to Ahmed (and ignoring for this purpose the officers' contrary version), he did not accompany the man inside the UPS store and did not help retrieve the package. But a reasonable officer would have believed that Ahmed was involved with the operation, by virtue of the fact that he had jointly traveled to the store to pick up the controlled substance, at least arguably was outside the car watching for surveillance,[1] and intended to accompany the other man and the distribution quantity of the controlled substance to wherever the man was taking it.

Ahmed correctly argues that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). But *Ybarra* involved the question of whether, because the police had a warrant to search one person within a

---

[1] Ahmed denies that he was conducting surveillance, but the question is what a reasonable officer would have believed, not what Ahmed subjectively intended.

4

tavern and the tavern itself, they could also search other people who just happened to be within the tavern when the police arrived there to execute the warrant.

The present case is different. Ahmed was with Hassan by choice, not by chance – or at least a reasonable officer could have believed that was the case. Hassan came to a UPS store in a car and asked for package that the officers had a reasonable basis to believe contained khat. They were aware that Ahmed had accompanied Hassan in the same car and stood outside the car while Hassan went into the store. That might not have been enough to convict Ahmed – presumably that is why the trial judge acquitted him – but probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

In *Maryland v. Pringle*, 540 U.S. 366 (2003), the Supreme Court considered a case in which a police officer, after finding narcotics in a car, arrested all of its occupants. After a traffic stop, the officer searched the car and found cash in the glove compartment and suspected narcotics behind an armrest in the back seat. The car's three occupants all denied ownership of the drugs and money. The officer arrested all of them. The Court began its analysis by determining that upon finding the narcotics, the officer had probable cause to believe a felony had been committed. The Court noted, citing *Ybarra*, that probable cause "must be particularized with respect to the person to be searched or seized," *id.* at 371, but it concluded that it was an entirely reasonable inference that any or all of the car's three occupants had knowledge of the narcotics. *Id.* at 372. The Court distinguished the case from *Ybarra*, stating that

Pringle and his two companions were in a relatively small automobile, not

5

> a public tavern. In *Wyoming v. Houghton*, 526 U.S. 295 (1999), we noted that "a car passenger – unlike the unwitting tavern patron in *Ybarra* – will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing." *Id.* at 304-305. Here we think it was reasonable for the officer to infer a common enterprise among the three men. The quantity of drugs and cash in the car indicated the likelihood of drug dealing, an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him.

*Id.* at 373.

The same is true in this case. The quantity of khat that Hassan picked up at the UPS store, like the narcotics in *Pringle*, "indicated the likelihood of drug dealing, an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." Because the men had arrived together at the site for pickup of the narcotics and appeared to be ready to leave together, it was reasonable for the officers to believe that they were involved in a common enterprise. The fact that the officers did not arrest the car's driver is of no consequence. First, probable cause is determined via an objective test, not a subjective one. Second, one fact distinguished the driver from Ahmed – he had exited the car after it arrived at the UPS store and stood outside. As the Court has indicated, a reasonable officer could infer from this that Ahmed was more directly involved in the pickup. Other hypotheses were possible, but probable cause is not defeated by the possibility of an innocent explanation.

It is also worthy of note that if the police had waited a few moments and allowed Hassan and the others to drive off, they would have had probable cause to stop the car based on the reasonable belief that Hassan had just picked up a large quantity of illegal narcotics. And had the officers followed that course, upon stopping the car they would

6

have been entitled, under *Pringle*, to arrest everyone in the car, including Ahmed. Under the circumstances, a ruling that they lacked probable cause to arrest Ahmed simply because they did not wait for him to get back in the car and drive off with Hassan would not make much sense.

The Court concludes that no reasonable jury could find that probable cause was lacking in Ahmed's case. The fact that he ultimately was acquitted of the charges against him is of no consequence. "All acquittals and terminated prosecutions do not lead to liability under § 1983 . . . ." *Beauchamp v. City of Noblesville*, 320 F.3d 733, 745 (7th Cir. 2003).

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment [docket no. 31]. The Clerk is directed to enter judgment in favor of the defendants. The trial date of April 20, 2010 is vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 18, 2010